IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. EUNA MCGRUDER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| METROPOLITAN GOVERNMENT OF ) | |
| NASHVILLE AND DAVIDSON COUNTY, ) | JURY DEMAND |
| TENNESSEE d/b/a METROPOLITAN ) | |
| NASHVILLE PUBLIC SCHOOLS ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

For her Complaint against Defendant Metropolitan Government of Nashville and Davidson County, Tennessee d/b/a Metropolitan Nashville Public Schools ("MNPS"), Plaintiff Dr. Euna McGruder ("Plaintiff" or "Dr. McGruder") respectfully states:

### PARTIES

1. Plaintiff is a former employee of Defendant. She is presently a citizen and resident of Atlanta, Georgia. At the time of the events giving rise to this litigation, Plaintiff was a citizen and resident of Davidson County, Tennessee.

2. Metropolitan Government of Nashville Davidson County Tennessee d/b/a Metro Nashville Public Schools is a government entity receiving state and federal funds to operate the Metropolitan Nashville Public School System (hereinafter "Defendant").

1

## JURISDICTION AND VENUE

3. Plaintiff brings this action for damages for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. ("Title VII"). This Court has jurisdiction under 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b).

4. Plaintiff has met all conditions precedent to the filing of this Complaint. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and his been issued her Notice of Suit Rights. Under prevailing Sixth Circuit case law and presumptions, this lawsuit is timely filed.

## FACTS

5. Defendant hired Dr. McGruder as its Executive Officer of Priority Schools in July 2015.

6. Dr. McGruder was actively pursued and offered the position by MNPS. MNPS agents assured Dr. McGruder that the school system was committed to giving her at least three (3) years to achieve her objectives regarding the performance of Priority Schools.

7. "Priority Schools" are classified by MNPS as those schools in the bottom 5% in academic performance.

8. Dr. McGruder's goals as Executive Officer of Priority Schools included: (1) raising the bottom 5% schools' out of the "priority schools" classification; (2) identifying and recruiting high-level school leaders; and (3) improving teacher recruitment and academic achievement in general.

9. Madison Middle School was a "Priority School" at the time Dr. McGruder was hired by MNPS.

10. The Principal of Madison Middle School for the 2015-16 academic year was Kelli Lorton.

11. The Dean of Students at Madison Middle School was Jaime Adams.

12. On November 19, 2015, a complaint of discrimination was made regarding Madison Middle School. The Compliance Hotline Report stated: **"My principal is giving black kids way harsher punishment (juvenile, suspension, etc.) than white kids. The amount of black kids that we suspend or try to send home is way higher than the same for white kids. They can do the same offense, but white kids will not receive suspension or be sent to jail, whereas the black kids will …"**

13. On or about November 23, 2015, Dr. McGruder was informed about the discrimination complaint by Jay Steele. She was put in charge of conducting interviews and investigating the allegations of the discrimination complaint.

14. As a part of her investigative efforts, Dr. McGruder conducted interviews, reviewed statements, and attempted to meet Madison Middle School's leadership about the allegations of discrimination and hostile work environment.

15. Dr. McGruder's investigation revealed that Madison Middle School was poorly run, permeated with discrimination, and was a workplace where teachers believed it was a hostile work environment [on the basis of, *inter alia*, race and racist leadership].

16. On or about January 8, 2016, Dr. McGruder made her findings and opposition of the leadership of Madison Middle School known to agents of Defendant. Dr. McGruder urged MNPS to take preventative or corrective action. Dr. McGruder informed Clarissa Zellars and Frank White that her investigation uncovered racial discrimination and a hostile work environment.

17. Dr. McGruder was fired shortly after speaking out about and opposing the discrimination and hostile workplace existing at Madison Middle School.

3

Case 3:17-cv-01547   Document 1   Filed 12/11/17   Page 3 of 6 PageID #: 3

18. Defendant took no preventative or corrective action in response to Plaintiff's report and opposition of discrimination.

19. Defendant did not identify and performance or personality problems as the basis for ending Plaintiff's employment on the day she was notified of her termination. She was simply told that MNPS would be moving in a "different direction."

20. Prior to speaking out about the discrimination and hostile workplace that existed at Madison Middle, Dr. McGruder received positive performance feedback from agents of MNPS.

21. Prior to speaking out about discrimination and the existence of a hostile work environment, Dr. McGruder was never issued a written performance reprimand or otherwise criticized about her job performance.

22. Prior to her termination, Defendant never formally reprimanded Dr. McGruder for poor performance, misconduct, creating a hostile work environment, inability to develop relationships, or any other job performance related problems.

23. The reason(s) asserted by Defendant for Plaintiff's termination is a pretext for discrimination and retaliation.

24. MPNS acted willfully and with malice or reckless indifference to Plaintiff's right to work in an environment free from discrimination, harassment, and retaliation.

25. Plaintiff has lost substantial income and other privileges and benefits of employment.

26. Plaintiff has suffered embarrassment, humiliation, emotional distress and mental anguish, stress and anxiety, exacerbation of medical conditions, damage to her reputation, inconvenience, loss of enjoyment of life, and incurred related attorneys' fees, costs, and litigation-related expenses.

## CAUSES OF ACTION

### RETALIATION IN VIOLATION OF TITLE VII

27. Plaintiff incorporates by reference all preceding paragraphs of the Complaint as if set forth fully herein.

28. Plaintiff engaged in protected activity by complaining about race discrimination and hostile work environment.

29. In retaliation for her protected activities, Defendant responded by firing Plaintiff immediately.

30. Through such retaliation, Defendant violated Plaintiff's rights under the Title VII.

31. Defendant's actions following Plaintiff's complaints related to discrimination and workplace hostility were committed with reckless disregard to her right to be free from discriminatory treatment because of her opposition to discrimination and hostile work environment for teachers.

32. Defendant's actions against Plaintiff caused her to suffer both monetary and nonmonetary damages.

33. Plaintiff is entitled to an award of back pay and benefits, compensatory and other damages, injunctive relief, attorneys' fees and costs, and all other appropriate damages, remedies, and other relief available under the Title VII.

### RACE DISCRIMINATION IN VIOLATION OF TITLE VII

34. Plaintiff incorporates by reference all preceding paragraphs of the Complaint as if set forth fully herein.

35. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of race in violation of Title VII. Plaintiff was treated differently than similarly situated white employees by Defendant.

36. The actions taken by Defendant caused Plaintiff to suffer both monetary and non-monetary losses.

37. As a result of Defendant's discriminatory conduct, Plaintiff is entitled to an award of back pay and benefits, compensatory and punitive damages, injunctive relief, attorneys' fees and costs, and all other appropriate damages, remedies, and other relief available under the Title VII.

## **REQUEST FOR RELIEF**

Plaintiff respectfully requests:

1. A jury trial and entry of judgment in her favor;

2. Back pay and damages for lost benefits;

3. Compensatory damages for embarrassment and humiliation, emotional pain and suffering and mental anguish, stress and anxiety, inconvenience, and loss of enjoyment of life;

4. Punitive damages;

5. Attorneys' fees and expenses;

6. Prejudgment interest and, if applicable, post judgment interest; and

7. Such other and further legal and equitable relief for which she may be entitled.

/s Brian C. Winfrey

Brian C. Winfrey (#025766)
MORGAN & MORGAN, PC
810 Broadway, Suite 105
Nashville, Tennessee 37215
(615) 601-1276 or (615) 473-3243
bwinfrey@forthepeople.com