# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| EUNA MCGRUDER | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:17-cv-1547 |
| | ) | |
| METROPOLITAN GOVERNMENT OF | ) | Judge Trauger |
| NASHVILLE AND DAVIDSON CO. | ) | |
|     Defendant. | ) | Jury Demand |

## PLAINTIFF'S CONSOLIDATED MOTIONS IN LIMINE

A motion *in limine* serves the purpose of preventing the introduction at trial of evidence that is deemed improper either by statue or common law. *Luce v. US*, 469 US 38, 40 (1984). Motions *in limine* may also be used to exclude irrelevant or immaterial matters and exclude evidence when its probative value is outweighed by the danger of unfair prejudice. *Id*. In evaluating whether specific material is properly excludable pursuant to an *in limine* motion, it is necessary to determine whether the rules of evidence call for the exclusion and, if not, whether the relevance, materiality, and probative value of the evidence is outweighed by its prejudicial effect. Fed. R. Evid. 401-403. For the following reasons, Plaintiff respectfully request that this Court grant the below motions *in limine* regarding: (1) Judicial Admissions; (2) But-for Causation; and (3) Hearsay.

1. <u>Judicial Admissions by Defendant Preclude Arguments Against Protected Activity at Trial.</u>

"Factual assertions in pleadings and pretrial orders, unless amended, are considered 'judicial admissions' conclusively binding on the party who made them." *Barnes v. Owens-Corning Fiberglass Corp.*, 201 F.3d 815, 829 (6th Cir. 2000) (*citing, White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983). "Judicial admissions in the pleadings … have the effect

of withdrawing a fact from issue and dispensing wholly the need for proof of the fact." *Id. (citing In re Fordson Engineering Corp.,* 25 B.R. 506, 509 (Bankr. E.D. Mich. 1982). This legal tenet was examined in depth by the Sixth Circuit as follows:

> Judicial admissions "eliminate the need for evidence on the subject matter of the admission," as admitted facts are no longer at issue. Once made, the subject matter of the admission should not be reopened in the absence of a showing of exceptional circumstances. This court has observed that "under federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court." Not only are such admissions and stipulations binding before the trial court, but they are binding on appeal as well.

*Ferguson v. Neighborhood Housing Services, Inc.*, 780 F.2d 549, 550-51 (6th Cir. 1986) (internal citations omitted).

Defendant made "conclusively binding" judicial admissions in its Answer that preclude it from arguing against the performance of protected activity at trial. *Id.*; (ECF No. 9). The school system admitted awareness that the substance of Dr. McGruder's investigation and reports concerned conduct in violation of Title VII, *inter alia*. *Id*. Specifically, the following judicial admissions are reflected in Defendant's Answer to the allegations raised in Plaintiff's Complaint:

> 15. Complaint ¶ 15:   Dr. McGruder's investigation revealed that Madison Middle School was poorly run, permeated with discrimination, and was a workplace where the teachers believed it was a hostile work environment [on the basis of, inter alia, race and racist leadership]. (ECF No. 1 ¶ 15, p. 3).

> 15. Answer ¶ 15:   Admitted upon information and belief that that was part of Plaintiff's findings. (ECF No. 9 ¶ 15, p. 1).

> 16. Complaint ¶ 16:   On or about January 8, 2016, Dr. McGruder made her findings and opposition of the leadership of Madison Middle School known to agents of Defendant. Dr. McGruder urged MNPS to take preventative or corrective action. Dr. McGruder informed Clarissa Zellars and Frank White that her investigation uncovered racial discrimination and hostile work environment. (ECF No. 1, ¶ 16, p. 3).

> 16. Answer ¶ 16:   Admitted upon information and belief … (ECF No. 9, ¶ 16, p. 2).

Further, the "General and Affirmative Defenses" section of the Answer also demonstrates the concession of Plaintiff's protected conduct as it relates to the retaliation claim. (ECF No. 9, p. 2-3). Despite taking the position that Plaintiff cannot present evidence of discriminatory or retaliatory motive in general, Defendant does not argue or make an affirmative defense that Plaintiff failed to perform protected acts under Title VII. Accordingly, Plaintiff's performance of protected activity for Title VII purposes should be deemed admitted as a judicial admission and/or waived by Defendant as an issue at trial.

Plaintiff still anticipates that Defendant will attempt to argue that she did not perform protected activity for purposes of Title VII at trial. Plaintiff's anticipated concerns are well-founded. Although Defendant (1) admitted the performance of protected activity in its Answer and (2) failed to challenge protected activity in its initial summary judgment motion, Defendant argued that Plaintiff cannot prove protected activity for Title VII purposes in its Reply for the first time. (ECF No. 32). An earlier grant of summary judgment based on this late-raised argument was reversed on reconsideration, and this Court found sufficient evidence to allow this matter to proceed to trial on the merits. (ECF No. 44). For several reasons, Plaintiff contends that Defendant should be precluded from raising this argument in front of the jury.

First, because the aforementioned judicial admissions have the "effect of withdrawing [this] fact from issue and dispensing wholly the need for proof of the fact," a trial argument against protected activity is untenable under well-settled Sixth Circuit law. *Ferguson*, 780 F.2d at 550-51; *Barnes*, 201 F.3d at 829. Second, the investigation file also includes conclusive proof that Plaintiff's investigation and report concerned unlawful practices under Title VII. This Court recognized that the investigation file, documented timeline, and "teacher statements [Plaintiff] relies upon also *substantiate her claim that she believed – and reported –* that Lorton in particular

had created a racially hostile work environment for the teachers who worked at the school, either because of the racist comments and racially disparate treatment of students and/or racist comments and discrimination directed toward the teachers." (ECF 44, p. 15) (italics added). Explicit reference to allegations of "hostile work environment" from teachers is reflected in the timeline and teacher statements in the record. (ECF 26-9) ("… I did not feel supported by the district in addressing these continued discrimination and hostile work environment claims …"); (ECF 26-12, p. 6) ("Lorton is very unprofessional!! She often talks negatively about staff and kids. A lot of her comments are very racist and offensive!"). And in the Sixth Circuit, it is well-settled that, "hostile work environment is a term of art, which refers to an unlawful employment practice under Title VII … Thus, an employee who complains that an employer is creating a 'hostile work environment' engages in Title VII protected activity." *Yazdian v. ConMed Endoscopic Techs, Inc.*, 793 F.3d 634, 645-47 (6th Cir. 2015). For these reasons, Plaintiff's investigation and reported concerns cannot be construed as anything other than protected acts under Title VII as a matter of law – and Plaintiff offers direct evidence conclusively proving her point. Third, under the facts of this case, allowing Defendant to raise this argument at trial would prejudicially create the possibility of jury confusion as to what Plaintiff is required to prove for purposes of Title VII protection. Dr. McGruder is not required to show that she *only* complained about Title VII activity, she must only demonstrate that her investigated and reported concerns included possible Title VII violations. The risk of potential prejudice and jury confusion outweighs any basis for allowing an argument against protected activity at trial – which Defendant conceded as established until its Reply Brief.

At a minimum, allowing this late-raised argument would demand a specific jury instruction in line with the law as explained in *Yazdian* – which effectively creates a presumption that

complaints that an employer is creating a "hostile work environment" concerns Title VII violations. *Yazdian*, 793 F.3d at 645-47. But Plaintiff respectfully contends that relying on such a legally technical curative instruction to assure the proper administration of justice in this particular situation comes with grave risks of confusion that could prejudice Plaintiff's case. Again, the fact that Plaintiff's investigation and report concerned "discrimination and hostile work environment" is not entirely reliant on verbal attestations, rather there are investigative documents confirming this fact. And Defendant can make no real claim of prejudice from being precluded from asserting this argument at trial because it unquestionably (1) admitted the protected nature of her actions in its Answer and (2) did not argue against protected activity until its Reply. In the end, it is much easier and much fairer under these circumstances to simply exclude this issue from the trial entirely at the outset.

For these reasons, Plaintiff respectfully ask the Court to preclude argument against Plaintiff's establishment of protected activity for purposes of Title VII. The judicial admissions, direct evidence, and risks of prejudice compel the grant of this motion *in limine*.

2. <u>Defendant Should Not Be Allowed to Argue That Plaintiff Must "Disprove" its Claims that Plaintiff Showed an "Inability to Interact With People," Because She Only Must Prove a But-For Relationship Between Her Protected Activity and Termination as a Matter of Law.</u>

But-for causation in employment actions was thoroughly examined in the recent landmark decision, *Bostock v. Clayton Co. GA*, 140 S. Ct. 1731, 1739 (2020). The Supreme Court started its examination of the but-for test by confirming that under traditional legal standards this term simply means "because of." *Id*. at 1739. It held that "so long as the [plaintiff's protected status or conduct] was one but-for cause of that decision, that is enough to trigger the law." *Id*. Further, the Supreme Court explicitly held that "a defendant cannot avoid liability just by citing some *other* factor that contributed to its challenged employment decision." *Id*. (italics in original). An effective

hypothetical was used to demonstrate the but-for test. *Id*. Justice Gorsuch described a car accident that occurred *both* because the defendant ran a red light *and* because the plaintiff failed to signal his turn at the intersection – both of which it deemed but-for causes of the collision. *Id*. (citing *Burrage v. United States*, 572 US 204, 211-212 (2014). In the end, the Court held that the "but-for test directs us to change one thing at a time and see if the outcome changes … [i]f it does, we have found a but-for cause." *Id*.

The facts of this case create a conundrum that could cause jury confusion of the issues. The record includes *both* evidence that Defendant contends supports its claims of an "inability to interact with people" *and* evidence that Plaintiff contends demonstrates that its asserted basis for termination was a pretextual smokescreen to hide retaliatory animus. And under the but-for test as articulated by the Supreme Court, even if Defendant's evidence is entertained, its liability as an employer for retaliatory discharge still occurs if Plaintiff meets her burden in showing that her investigation and reports were *a* cause of Defendant's decision to abruptly terminate her in the middle of the school year/middle of her investigation on January 15, 2016. She does not have to disprove the allegations that she communicated poorly with others in the school system to sustain her retaliation claim as a matter of law.

Based on earlier arguments in prior pleadings, Plaintiff anticipates that Defendant will allude and argue that: (1) Dr. McGruder was terminated based on purported "complaints" against her; and (2) Dr. McGruder must disprove the allegations that she had an "inability to interact with other people" to prevail. This simply is not the law. And Defendant should be precluded from making such an argument or suggestion at trial. If allowed, not only would jury confusion and potential prejudice occur, but Plaintiff would be imposed a higher burden to prove her case than that which is demanded under the law. Accordingly, to assure the proper application of the law,

Plaintiff believes that Defendant must be preempted from making such an argument at trial and that a detailed jury instruction informing the jury about the parameters of but-for causation as articulated in *Bostock* be given at trial.

For these reasons, Plaintiff respectfully that this motion *in limine* be granted and the jury properly be instructed about the responsibility to apply but-for causation to this case.

3. <u>Hearsay Claims of "Hostile Work Environment" Concerning Prior Assistants Should be Excluded From Being Referenced at Trial</u>.

"Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c); *see also, United States v. Childs*, 539 F.3d 552, 559 (6th Cir. 2008). Defendant has asserted in prior pleadings that: (1) "Dr. McGruder's first secretary took a lower paying job in order to transfer out of Dr. McGruder's office, citing unrealistic demands and hostile work environment"; and (2) "Dr. McGruder's second secretary, Ms. Ivey, went on medical leave, citing a hostile work environment created by Dr. McGruder." (ECF No. 19, p. 3-4). The averments of "hostile work environment" created by Dr. McGruder concerning these assistants is a product of linguistic liberty taken by Defendant's advocate in characterizing the conflicts. The record does not include a written statement from either assistant asserting that Dr. McGruder created a "hostile work environment" for them. Dr. McGruder was not issued a derogatory reprimand or write up related to the alleged creation of a "hostile work environment" during her employment. And neither assistant is listed to be a witness on the anticipated witness list provided to Plaintiff's counsel on January 5, 2021. Accordingly, any claims that Plaintiff created a "hostile work environment" for her assistants is unsupported as a characterization by the record or trial witnesses, and the potentially inflammatory characterization of those conflicts as a "hostile work environment" should be precluded from being said to the jury absent live testimony from the assistants

themselves. Any such characterization of the conduct as a "hostile work environment" is based on hearsay and speculation-rooted improper lay opinion, thus is inadmissible under the Rules of Evidence. So as to avoid prejudice, Plaintiff respectfully asks that this contention be excluded from the outset.

/s/ Brian C. Winfrey

Brian Winfrey, TN Bar No. 02576
MORGAN & MORGAN
810 Broadway, Suite 105
Nashville, Tennessee 37203
(615) 601-1276
bwinfrey@forthepeople.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing Motions in Limine was electronically mailed to the Attorney for Defendant J. BROOKS FOX of Metropolitan Legal Department, this the 8th day of January 2021, and submitted via the Court's CM/ECF filing system.

/s/ Brian C. Winfrey
Brian C. Winfrey