IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DR. EUNA McGRUDER, | ]<br>] |
| Plaintiff, | ]  Case No. 3:17-cv-1547 |
| v. | ]<br>] |
| METROPOLITAN GOVERNMENT<br>OF NASHVILLE AND DAVIDSON CO.<br>d/b/a METRO NASHVILLE PUBLIC<br>SCHOOLS | ]  Judge Campbell<br>]<br>]<br>] |
| | ]  Jury Verdict for Plaintiff on Retaliation |
| Defendant. | ] |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO ALTER/AMEND JUDGMENT, OR IN THE ALTERNATIVE, FOR A NEW TRIAL ON THE ISSUE OF DAMAGES AND PETITION FOR PREJUDGMENT INTEREST**

Federal courts have settled that back pay is an equitable remedy entitled to successful Title VII plaintiffs, who are "presumptively entitled to back pay for the amount they would have earned had they not been unlawfully terminated." *Pittington v. Great Smokey Mountain Lumberjack Feud*, 880 F.3d 791, 795 (6th Cir. 2018). At trial, the jury determined that Dr. McGruder was terminated from Metro Nashville Public Schools ("Defendant" or "MNPS") in retaliation for reporting and opposing race-based discrimination and hostile work environment in violation of Title VII. (ECF No. 78). Dr. McGruder presented uncontroverted evidence of her MNPS salary and subsequent earnings at trial. Conversely, MNPS did not present any evidence or argument to support a reduction in the back pay award if her termination was found to be the result of retaliation. Specifically, MNPS did not argue or present evidence of a failure to mitigate, after-acquired evidence, or any other basis for a back pay reduction. Accordingly, the jury's back pay award of $0 is improper and could not reasonably have been reached in this case under the law. (ECF No. 78). For the following reasons, Plaintiff respectfully requests judicial intervention to make her whole and avoid a manifest injustice as a matter of law.

1

**STANDARD OF REVIEW**

Rule 59 of the Federal Rules of Civil Procedure states that a court may alter or amend a judgement or may "grant a new trial on all or some of the issues." Fed. R. Civ. P. 59(a) and (e). The court may set aside a verdict when (1) the verdict is against the clear weight of the evidence, and (2) the verdict is unreasonable. *Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir. 1996); *Michon v. Western Express, Inc.*, No. 3:13-cv-189, ECF No. 155 (MD. Tenn. 2015); *Jimkoski v. State Farm*, 247 Fed. Appx. 654, 663 (6th Cir. 2007) (citation omitted). "Thus, where a jury's award bears no relation to the evidence of damages," it is appropriate to grant a new trial or alter the judgment (in certain circumstances which may be present here, *infra*). *Id.* The court must grant the motion unless the verdict was one that could have reasonably been reached based on the law and the proof at trial. *Powers v. Bayliner Marine Corp.*, 83 F.3d 789, 796 (6th Cir. 1996).

**ARGUMENT**

Dr. Euna McGruder sued MNPS under Title VII of the Civil Rights Act of 1964 ("Title VII"). At the end of a five-day trial, the jury found that "Metro retaliated against Dr. McGruder in violation of Title VII" and returned a verdict in her favor. (ECF No. 78). The jury awarded Dr. McGruder $260,000.00 in compensatory damages. *Id.* But despite hearing uncontroverted evidence of economic harms since suffering the unlawful termination at trial, the jury awarded Plaintiff back pay in the amount of $0.00. *Id.* The law does not allow this back pay award to stand because: (1) Dr. McGruder was fired for an unlawful reason on January 15, 2016; (2) Dr. McGruder presented uncontroverted evidence of economic harm since suffering the termination; and (3) MNPS presented no evidence or argument to support a reduction (or here, elimination) of her entitled back pay.

1. <u>The law entitles Plaintiff to her full back pay, thus the jury's $0 back pay award cannot stand.</u>

"Plaintiffs who successfully prove that they were fired in violation of Title VII of the Civil Rights Act of 1964 are presumptively entitled to back pay for the amount they would have earned had

2

they not been unlawfully terminated." *Pittington v. Great Smokey Mountain Lumberjack Feud*, 880 F.3d 791, 795, 799-801 (6th Cir. 2018). Successful plaintiffs in Title VII actions "ought to receive enough back pay to make them whole – that is to place them in the position they would have been in but for the discrimination." *Id.* (*citing Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614, 626 (6th Cir. 1983). "In the absence of exceptional circumstances, back pay should always be awarded when a Title VII violation is found." *Rasimas*, 714 F.2d at 626.

The Sixth Circuit has held that "it is an abuse of discretion to set a back pay award that falls short of this restorative goal." *Pittington*, 880 F.3d at 799 (*citing United States v. City of Warren*, 138 F.3d 1083, 1097 (6th Cir. 1998) (reversing denial of a motion for new trial on issue of back pay). It has been held to be an abuse of discretion to deny a Rule 59 motion where the evidence presented at trial indicates that the jury awarded damages in an amount substantially less than unquestionably proved by the plaintiff's uncontradicted and undisputed evidence. *Id.* at 799-801. Judges of the Middle District of Tennessee have followed this legal tenet and granted Rule 59 motions for relief in similar cases where the back pay award was contrary to the weight of the evidence presented at trial. *Michon v. Western Express, Inc.*, No. 3:13-cv-189, ECF No. 155 (MD. Tenn. 2015) (granting new trial on back pay issue because the jury's $688 back pay award was contrary to the uncontroverted proof presented at trial as it relates to damages).

Here, the only party who submitted evidence of damages – whether for or against – was Dr. McGruder. "Victorious Title VII plaintiffs are presumptively entitled to back pay [from the date of termination] until the date judgment has been entered in the case." *EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836, 840 (6th Cir. 1994); See also, *Pittington*, 880 F.3d at 799 ("Generally, back pay is calculated by subtracting the amount that the amount that the plaintiff actually earned while being discriminated against from the amount that the plaintiff would have earned if no discrimination had occurred") (*citing Szienbach v. Ohio State University*, 820 F. 3d 814, 821 (6th Cir. 2016). Regarding the valuation and

3

calculation of her lost wages, Dr. McGruder's evidence was uncontroverted and unchallenged. At trial, the evidence showed that Dr. McGruder's annual salary at MNPS was $126,880.00 ($10,574.33 monthly). The evidence proved that Dr. McGruder was terminated 70.5 months before trial on January 15, 2016. Evidence showed that MNPS paid Dr. McGruder for the remainder of the 2015-16 school year through June 30, 2016 – which mitigated back pay damages against Defendant for 5.5 months. Thus, but for the unlawful termination, Plaintiff would have earned $687,266.66 in earnings for the sixty-five (65) months of unmitigated economic damages (at the $10,574.33 monthly amount under Plaintiff's rate of pay at MNPS). Uncontroverted evidence at trial supported that Dr. McGruder has earned $347,392 since the termination. Uncontroverted evidence at trial confirmed Dr. McGruder's mitigation efforts – she simply made less money in subsequent positions because the termination at MNPS knocked her off her rising career trajectory, and she had to accept lesser lower-paying positions to survive. The difference between what Dr. McGruder would have earned in her position at MNPS and what she actually earned since the unlawful termination is $339,874.66. Plaintiff asked the jury for over $300,000 in economic damages at trial based on the uncontroverted evidence.

MNPS did not present any evidence or argument that Dr. McGruder failed to mitigate her damages, nor could it. MNPS did not assert an after acquired evidence affirmative defense, or challenge Dr. McGruder's damages claim in any way during trial. Thus, once the jury determined that "Metro retaliated against Dr. McGruder in violation of Title VII," she was entitled to full back pay as an equitable remedy to make her whole. *Wooldridge v. Marlene Indus. Corp.*, 875 F.2d 540, 547 (6th Cir. 1989) (holding "[o]nce a plaintiff has provided information from which the jury can calculate her back pay, she is presumed to be entitled to the amount claimed unless the defendant can prove otherwise"). As a matter of law, MNPS did not [and cannot] meet its burden to disprove back wages because it did not introduce any evidence as to this issue at trial.

The jury was not allowed to eliminate back pay as an award based on the evidence presented at trial, argument asserted by Defendant, or instruction of the Court concerning back pay. It appears the only explanation for the jury's anti-mathematical elimination of a back pay award was based on a false contention that MNPS was only liable for the economic damages for the 2015-16 school year – which MNPS paid her in full for that year. It appears that jury eliminated the back pay award based on MNPS' proffered justification for the termination as a "nonrenewal" of a one-year contract and awarded no back pay for the periods beyond the 2015-16 school year – which it is not allowed to do when it finds that Dr. McGruder was terminated for an unlawful reason for several reasons. First, as a matter of law, the jury was required to conclude that Dr. McGruder's employment would have continued but for her unlawful termination. Judge Nixon addressed this issue in *Michon* in holding:

> An employer found liable for discrimination bears the burden of proving facts to support a reduction of the back pay award, such as after-acquired evidence of wrongdoing that would support termination at a future date, (citation omitted), or an employee's failure to mitigate damages. (citation omitted)
>
> **However, the employer's proffered justification for the termination cannot be the basis for a reduction in the back pay award – after all, in finding a defendant liable for Title VII retaliation, the jury decides that the employer's proffered justification is pretextual and plaintiff would still be employed but for the discrimination."**
>
> The jury found that but for Western's unlawful retaliation, [Plaintiff] would not have been fired. Accordingly, [Plaintiff] is entitled to back pay damages to make up for the salary she would have received but for the unlawful termination.

*Michon*, No. 3:13-cv-189, p. 9 (*citing Spengler v. Worthington Cylinders*, 165 F.3d 481, 493 (6th Cir. 2010) (emphasis added). Second, the following evidence was presented at trial: (1) Craig Ott, MNPS Human Capital Executive at the time of termination, confirmed that although thousands of MNPS employees are technically subject to year-to-year contracts, all have the expectation that they will continue to remain in such a position "absent some kind of organizational shift or performance issues that mandate termination"; (2) Chris Henson, Director of Schools at the time of termination, confirmed that Dr. McGruder as Executive Officer of Priority Schools was not expected to turnaround the lowest

5

performing schools "overnight," and progress towards her objectives would take time; (3) Dr. McGruder presented that she was promised a minimum of three-years in the position to make progress towards her objectives; and (4) Katie Cour, of MNPS Human Capital, confirmed that MNPS did not eliminate the position held by Dr. McGruder – which remains active today under a different title. The jury did not accept Defendant's claim that Dr. McGruder was fired for "multiple complaints lodged against her by district employees" or its "nonrenewal" assertion, rather it decided she was fired in retaliation for reporting unlawful Title VII conduct. Thus, the jury was not permitted to conclude that Dr. McGruder would not have continued to remain at MNPS but for the unlawfully motivated termination.

As a matter of law, but for Dr. McGruder's unlawful termination, the jury was required to credit that Dr. McGruder would have continued her employment through trial but for the retaliation in its back pay award. Thus, even if it believed otherwise, the jury was responsible for awarding Dr. McGruder back pay for the difference in her anticipate earnings at MNPS and what she actually earned subsequent to the unlawful termination based on the evidence presented at trial. Dr. McGruder's subsequent lower paying jobs were a clear consequence of the unlawful termination. After determining that the termination was the result of retaliation, the jury is not permitted to become a super personnel department and end Dr. McGruder's employment at the conclusion of the 2015-16 school year. Quite simply, there is no legal or equitable basis for the elimination of back pay to Dr. McGruder once the jury determined that she was fired in retaliation for reporting discrimination and hostile work environment.

2. <u>Plaintiff request additur as a preferred remedy to resolve the jury's error regarding back pay.</u>

The district court has the discretion to alter or amend the jury's damage award under Federal Rule of Civil Procedure Rule 59 and make Plaintiff whole for her back pay amounts proven with uncontroverted evidence at trial. Plaintiff is unaware of whether Defendant will agree to consent to

6

her proposed damages figure rather than proceed to a new trial as to damages. But if it does, the Court can award additur. *Pittington,* 880 F.3d at 806 (*citing Clay v. Gordon*, 205 F.3d 1339 (6th Cir. 2000). Plaintiff asks that the Court demand Defendant to state a position as to whether it will consent to an increased back pay award in lieu of proceeding to another trial on damages. Also, even without the parties' consent, the court may order additur in this case if it determines that the damages claims are definite and incontrovertible, such as that there is no genuine issue as to the correct amount of damages – which Plaintiff contends to be the case here. *Id.* (*citing EEOC v. Massey Yardley Chrysler Plymouth, Inc.*, 117 F.3d 1244, 1252 (11th Cir. 1997); *Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 986 (5th Cir. 1989) (holding that "[i]t would be a useless formality to grant a new trial on the issue of damages if the trial court would be required to grant summary judgment for a particular amount that was required as a matter of law).[1]

For these reasons, Plaintiff request additur or amendment of the back pay award in favor of Plaintiff for the over $300,000.00 in uncontroverted back pay she is owed as a matter of law.

## CONCLUSION AND PETITION FOR PREJUDGMENT INTEREST

Dr. McGruder proved each and every fact upon which the jury could calculate her lost wages, and federal courts are unanimous that prevailing plaintiffs are presumptively entitled to a fully compensable back pay award. Here, the jury had no legal basis upon which to deprive Plaintiff of entitled back pay after it found that Dr. McGruder's termination was the result of unlawful retaliation. MNPS has the burden of proof to overcome the presumption, yet it offered no proof on this issue.

---

[1] Absent these exceptions, Courts will order a new trial rather than grant judgment as a matter of law because typically "federal courts are prohibited by the Seventh Amendment from granting additur, which would increase the amount of the jury's award." *Id.*; Jimkoski v. State Farm, 247 F. App'x 654, 663 (6th Cir. 2007) (*quoting Tezak v. Montgomery Ward & Co., Inc.*, 33 F. App'x 172, 177-78 (6th Cir. 2002)).

7

Accordingly, Dr. McGruder submits that this Court must alter or amend the judgment to award her full back pay. In the alternative, Plaintiff request a new trial on damages alone.

Plaintiff also asks for the award of prejudgment interest as proper and necessary to afford complete relief. *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1170 (6th Cir. 1996) (holding that discriminating employers should not reap the benefit of delays in litigation, and thus prejudgment interest is required to make the plaintiff whole); *U.S. V. City of Warren, Michigan*, 138 F.3d 1083, 1096 (6th Cir. 1998)(holding prejudgment interest is "usually appropriate" under Title VII to compensate the prevailing party both for the time value of the lost money as well as for the effects of inflation; *EEOC v. Kentucky State Police Dept.*, 80 F.3d 1086, 1089 (6th Cir. 1996) (affirming award of prejudgment interest on Title VII back pay award).

Respectfully submitted,

THE WINFREY FIRM

/s Brian C. Winfrey
Brian C. Winfrey
BPR # 025766
810 Broadway, Suite 500
Nashville, TN 37203

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing memorandum in support of a Rule 59 motion was filed via the Court's CM/ECF filing system upon the Attorney for Defendant J. BROOKS FOX of Metropolitan Legal Department, this the 12th day of December 2021.

/s/ Brian C. Winfrey
Brian C. Winfrey