IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EUNA MCGRUDER | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:17-cv-1547 |
| | ) | |
| METROPOLITAN GOVERNMENT OF | ) | Judge Campbell |
| NASHVILLE & DAVIDSON COUNTY | ) | |
| | ) | |
|     Defendant. | ) | Jury Trial Held |

**DECLARATION OF BRIAN CHRISTOPHER WINFREY**

I, Brian Christopher Winfrey, declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the following is true and correct:

1. I am counsel of record for Plaintiff Dr. Euna McGruder in the above captioned case.

2. I am licensed in Tennessee and have been fully admitted to practice in the Sixth Circuit Court of Appeals, the Middle, Eastern, and Western Districts of Tennessee.

3. My legal career has been nearly entirely dedicated to the practice area of labor and employment litigation. As a student at Vanderbilt Law School, I clerked for the National Labor Relations Board and Equal Employment Opportunity Commission as in 2004 and 2005 respectively. Since graduating law school in 2006, I have practiced continuously in the practice area of employment litigation.

4. I started my career as an employment practitioner at Ogletree Deakins, one of the largest management-side Labor and Employment specialty firms in the United States through 2010. Also, I served as Trial Counsel for the United States Department of Labor (Office of

1

the Solicitor) between 2010 and 2012), where I litigated an abundance of employment cases for the federal government before federal and administrative courts. Between 2012 and 2017, I successfully built and managed The Winfrey Firm, which was devoted to representing individuals in employment and civil rights matters. Because of the success of the firm, it was merged as the building block of Morgan & Morgan's employment practice Tennessee in 2017. I am a Member and the Practice Leader for the firm's Wage & Hour and Employment Group in Tennessee.

5. I am a longtime member of the National Employment Lawyers Association (NELA) -- a national association of attorneys who represent individuals in employment and civil rights matters. I am also an active member of the Tennessee Employment Lawyers Association (TENNELA). TENNELA is a statewide group of Tennessee plaintiffs' employment lawyers and the official Tennessee affiliate organization of NELA. I have served on TENNELA's Board since 2015. I am presently the Vice-President and will assume the role of President later this year.

6. I am an active and involved member of the Tennessee Bar Association (TBA) and its Employment Law Section. I served as the Secretary of the Board of Governors and Executive Committee member of the TBA for five years. I was also a candidate for President of the Tennessee Bar Association and have served as a member of the TBA Labor and Employment Section's Executive Counsel. I am a fellow of the Nashville Bar Association and member.

7. I am a frequent speaker and presenter of continuing legal education programs in the area of labor and employment for the Tennessee Bar Association, Nashville Bar Association, and various other professional associations. I am also active in civic organizations and

2

public service in Nashville. For example, I have served as the Mayoral-appointed Chair of Nashville's Transportation Licensing Commission under the Karl Dean Administration.

8. I have been recognized by my peers in various publications for my work as an employment litigator. I am and have been listed in *The Best Lawyers in America*, *MidSouth Super Lawyers*, and various other peer publications for my work in employment litigation. The Nashville Business Journal has also listed me among the *Best of The Bar* in the area of labor and employment.

9. I am a seasoned and experienced employment practitioner, with significant experience in trial practice. I have successfully litigated numerous employment and civil rights cases as lead counsel in federal and state courts in Tennessee. I have also tried and prevailed in a strong number of jury trials and recovered substantial amounts for my clients in jurisdictions outside of Tennessee. Upon information and belief, jury verdict surveys reflect that I have successfully litigated more employment cases in jury trials on behalf of employees than any other practitioner in Tennessee federal and state courts over the last five to ten years.

10. For a snapshot of some recent successes in Tennessee federal courts, *See*: *Thomas v. Marshall County Bd. of Ed.*, 1:14-cv-0037 (M.D. TN 2017) (awarding plaintiff $500,000 compensatory damages and $18,500 in economic damages in race discrimination and retaliation case); *Michon v. Western Express*, 3:13-0189 (M.D. TN 2015) (successful verdict in retaliation and sex discrimination case, including $138,630 in attorneys fee award); *Hanson v. McBride and JAM Productions*, 3:18-cv-0524 (M.D. TN Feb. 2020) ($59,242 in backpay, $100,000 compensatory damages, attorney's fees awarded in full without reduction); *Peterson v. West TN Expediting*, No. 1:18-cv-01164 (W.D. TN Feb.

3

2020) (awarding plaintiff $50,000 in backpay and $100,000 in punitive damages, attorney's fees awarded in full without reduction); *Benoist v. Titan Medical Manufacturing*, 2:19-cv-2704 (W.D. TN 2021) ($500,000 in compensatory and punitive damages); and, of course, *McGruder v. Metropolitan Gov't of Nashville*, 3:17-cv-1547 (M.D. TN 2021).

11. I humbly contend that my experience as an employment trial practitioner exceeds what is typical of an employment practitioner licensed for fifteen (15) years. I ask that the Court consider the totality of my experiences as a whole when examining my proposed hourly rate.

12. I customarily charge and receive $475 to $550 per hour for legal services when I handle employment matters on an hourly rate basis. I have represented numerous individuals in employment, severance, and settlement agreement negotiations, among other employment related services, in which I have been compensated at a rate of $475 to $550 per hour. For at least the last two years when asked what my hourly rate is, I have quoted and received $475 to $550 per hour.

13. Approximately 90 percent of the work that I perform is on a contingency fee basis. Most of my clients are unable to pay the fees and costs incurred in a typical employment discrimination or civil rights case. Therefore, as with Dr. McGruder, I typically advance litigation expenses for clients and work on a contingent fee basis based on the amount of recovery, if any.

14. The case was vigorously defendant and its reputable counsel. Defendant was represented by wonderful and reputable counsel that is an experienced employment advocate for the Nashville Government. Mr. Fox decades of employment litigation and trial experience, and had the added benefit of having co-counsel through trial for assistance on trial presentation

and strategy. Conversely, I handled all attorney work for Dr. McGruder alone and without the assistance of co-counsel or staff at trial – although I did have assistance staff for clerical tasks during the course of the case [which were not present at trial or petitioned for reimbursement in my fee petition].

15. I have attached to this fee petition the time long that I maintained in this case from 2016 until the present. The log accurately sets forth the time that I expended to the tenth of the hour and the tasks that I performed. The work I performed was reasonable and necessary to properly represent Dr. McGruder in this action – especially in light of the hard-fought and spirited defense mounted by Defendant. I maintained the log throughout the entire course of my representation and recorded the entries for the services rendered contemporaneously as I rendered them. In good-faith, I cut from billing entries for all tasks performed that were even arguably unnecessary, clerical, or unnecessarily duplicative before submitting this petition to the Court. This case was all-consuming at multiple points – including during the extensive dispositive motion practice, pretrial preparation and procedure, and during the week of trial. The facts and circumstances of this case demanded precise planning to present a trial that was coherent, but also could withstand judicial scrutiny and objections to proof.

16. The hourly rate that I have requested in this case is $500 per hour – which is a reasonable increase over the $475 I was awarded in the *Hanson* trial that ended nearly two years ago by Judge Trauger. I have served as co-counsel in employment litigation matters with partners at prominent Nashville law firms and have personal knowledge of hourly rates for partners in excess of $500 per hour, and in some cases, in excess of $600 per hour. It is also reasonable in light of the rates charged for the types of cases that I handle and for

lawyers of the skill, reputation, and experience of myself and members of my law firm. I am aware of the customary hourly rates that attorneys charge for employment and civil rights litigation services. I am further aware of the current rates charged for these types of services through discussions with plaintiff and defense attorney colleagues across the state of Tennessee and other jurisdictions whom I have come to know and with and against whom I have handled cases in my years of working in these practice areas. I also periodically review the *National Law Journal's* annual billing survey identifying "high," "low," and "average" hourly rates for partners and associates at law firms nationwide, including Tennessee, among other articles addressing attorney billing rates. $500 per hour for an attorney serving as lead trial and appellate counsel in the areas of employment and civil rights litigation with my skill and experience level is a reasonable rate. Additionally, as a partner at a large national firm, my firm and practice overhead is comparable to the law firms typically surveyed for the NLJ and I respectfully contend such should be considered in the determination of my reasonable hourly rate.

17. Other factors that I hope the Court would consider include the fact that there are comparatively few attorneys in Tennessee handling employment discrimination and civil rights cases on behalf of plaintiffs. I began my practice in this area to provide representation to a group of citizens who are underrepresented in the community, but who are entitled to the same competent and vigorous representation that corporate and government defendants with significant resources regularly enjoy. Employment discrimination and civil rights cases for employees/plaintiffs are difficult because the plaintiff bears the burden of proof; the proof usually consists of circumstantial evidence; many such cases are dismissed a the summary judgment stage; the law shows some deference to employers' alleged business

judgment and usually only requires a legitimate, nondiscriminatory reason for their adverse employment actions; and there are typically no guaranteed or regularly hourly payments for attorney services rendered to employment or civil rights plaintiffs. As such, federal statutes allow for an award of reasonable attorney fees and expenses to prevailing plaintiffs as an incentive for attorneys to handle such claims and to fulfill their ethical duty of zealously representing members of society who typically do not have the resources for the quality of representation that corporate and government defendants often have. There is an important public interest associated with encouraging, rather than deterring, competent members of the bar to accept representation of plaintiffs in employment discrimination, retaliation, and civil rights cases.

18. I was professionally retained by Dr. McGruder shortly after her termination in January 2016. I, thereafter, worked with Dr. McGruder with her EEOC investigation and filings and subsequent litigation. This matter was hotly contested. Defendant never extended a settlement offer prior to trial above $5,000.00 to Plaintiff and $5,000.00 as counsel expenses. Thus, the result at trial was excellent when the alternative was considered.

19. This case was difficult and presented considerable risk for Dr. McGruder, myself, and my firm. Defendant had capable counsel and an abundance of witnesses to support its denials of legal liability. This case presented intricate facts in a case of important public concern. Nearly all witnesses were either current or former employees of Defendant. This case demanded that Plaintiff prove her case largely through adverse witnesses with strong connections to Defendant. This case involved extensive discovery, extensive dispositive motion practice, reconsideration and other motion practices, and demanded an abundance of legal research, pretrial procedure, and trial preparation multiple times. Nevertheless, I

accepted representation because I believed that Dr. McGruder's claims were valid and that with my assistance that she could have a fighting chance against her former employer.

20. The result achieved in this case was excellent by any objective measure. The jury found in favor of Dr. McGruder on her retaliation claims and awarded her $260,000.00 in damages. I expended the time necessary to prevail on the retaliation claim., which arose out of the same core set of facts as the initially included discrimination (and retaliation) claims. To date, I have been paid nothing for the considerable amount of time I have put into this case, which impacted my ability to accept representation in and litigate other cases. The requested hourly rate, the time that I reasonably expended, the services that I performed, and the total amount of attorney's fees requested are all reasonable considering the circumstances of this case and the excellent result achieved.

I declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the foregoing is true and correct. Executed on April 14, 2020.

**Brian C. Winfrey**

Respectfully Submitted,

/s/ Brian C. Winfrey
Brian C. Winfrey
The Winfrey Firm
/Morgan & Morgan
810 Broadway, Ste. 500
Nashville TN 37203

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2022, I submitted the foregoing Declaration with counsel for Defendant J. Brooks Fox using the Court's CM/ECF filing system.

/s Brian C. Winfrey
Brian C. Winfrey