IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EUNA McGRUDER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   NO. 3:17-cv-01547 |
| | ) |
| METROPOLITAN GOVERNMENT OF | )   JUDGE CAMPBELL |
| NASHVILLE AND DAVIDSON | ) |
| COUNTY, TENNESSEE, | ) |
| | ) |
|    Defendant. | ) |

## MEMORANDUM

Pending before the Court is Plaintiff Euna McGruder's ("Dr. McGruder") Motion to Alter/Amend Judgement, or in the Alternative, for a New Trial on the Issue of Damages and Petition for Prejudgment Interest. (Doc. No. 81). Defendant Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro") filed a response in opposition (Doc. No. 91), and Dr. McGruder filed a reply (Doc. No. 92). For the reasons discussed below, the Motion will be **GRANTED** in part and **DENIED** in part.

### I.    BACKGROUND

On December 11, 2017, Dr. McGruder sued Metro for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). The court held a jury trial on Dr. McGruder's retaliation claim on November 30, 2021, through December 6, 2021.[1] The Court issued the following instruction to the jury concerning Dr. McGruder's claim:

> Title VII of the Civil Rights Act of 1964, under which Plaintiff Dr. Euna McGruder brings this suit, prohibits employers from retaliating against an employee because the employee has opposed or reported any practice that the employee reasonably believes to be a violation of Title VII.

---

[1]    The discrimination claim was dismissed on summary judgment. (*See* Doc. Nos. 37, 45).

Dr. McGruder claims that she was retaliated against by Metro because she investigated and reported incidents of discrimination and hostile work environment at Madison Middle School.

For Dr. McGruder to prevail on her claim, she must prove each of the following elements by a preponderance of the evidence:

(1) Dr. McGruder engaged in conduct protected by Title VII of the Civil Rights Act of 1964 by opposing, investigating, or reporting incidents of discrimination and hostile work environment;

(2) Dr. McGruder's exercise of such protected conduct was known by Metro;

(3) Thereafter, Metro ended Dr. McGruder's employment; and

(4) Metro ended Dr. McGruder's employment because Dr. McGruder engaged in conduct protected by Title VII of the Civil Rights Act of 1964.

If you determine that Dr. McGruder has proven each of these elements by a preponderance of the evidence, then you must find for Dr. McGruder on her retaliation claim.

If you find that Dr. McGruder has failed to prove any of these elements by a preponderance of the evidence, then you must find for Metro.

Regarding the fourth element, Dr. McGruder does not have to prove that her protected activity was the only reason for Metro's decision to end her employment. Rather, Dr. McGruder must establish by a preponderance of the evidence that Metro would not have ended her employment on January 15, 2016, "but for" Dr. McGruder's investigation and reports of discrimination and hostile work environment at Madison Middle School.

The Court issued the following instruction as to back pay:

If you find in favor of Dr. McGruder, then you must determine the amount of damages that Metro's actions have caused Dr. McGruder.

You may award as actual damages an amount that reasonably compensates Dr. McGruder for any lost wages and benefits, taking into consideration any increase in salary and benefits she would have received had she not been retaliated against.

You must reduce any award by the amount of the expense Dr. McGruder would have incurred in making those earnings.

2

Case 3:17-cv-01547   Document 111   Filed 07/18/22   Page 2 of 5 PageID #: 2391

At the conclusion of the trial, the jury returned a verdict in favor of Dr. McGruder for retaliation under Title VII. (*See* Doc. No. 78). The jury awarded Dr. McGruder $260,000 in compensatory damages and $0 in back pay. (*Id*.). On December 9, 2021, the court entered a Judgement in conformity with the jury's verdict. (*See* Doc. No. 79). On December 12, 2021, Dr. McGruder filed the pending Motion to Alter/Amend Judgment, or in the Alternative, for a New Trial on the Issue of Damages and Petition for Prejudgment Interest. (Doc. No. 81).

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59(a)(1)(A), "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party ... for any reason for which a new trial has heretofore been granted in an action at law in federal court." *E.E.O.C. v. New Breed Logistics*, 783 F.3d 1057, 1065–66 (6th Cir. 2015). The Sixth Circuit has interpreted the language of Rule 59(a) to mean that a new trial is warranted when a jury has reached a "seriously erroneous" result as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias. *See id*. at 1066 (citation omitted).

## III. ANALYSIS

Dr. McGruder argues the jury's back pay award of $0 is improper and against the weight of the evidence because she presented uncontroverted proof of her salary with Metro and subsequent earnings, which Metro failed to rebut through evidence or argue that she failed to mitigate her damages, asserting an after acquired evidence affirmative defense, or challenging her damages claim in any way during trial. Therefore, Dr. McGruder contends she is entitled to an award of back pay of $339,874.66 or a new trial on the issue of back pay. Dr. McGruder states that her preferred remedy is additur if Metro will consent to an increased back pay award in lieu of proceeding to a new trial on damages. (*See* Doc. No. 81-1 at 7.). Dr. McGruder also requests

3

prejudgment interest. Metro responds that the back pay award of $0 is supported by the trial testimony of Metro employees that Dr. McGruder conducted herself in a rude and unprofessional manner. (Doc. No. 91 at 4-5).[2]

Successful Title VII plaintiffs are presumptively entitled to back pay, and they ought to receive enough back pay to make them whole. *See Pittington v. Great Smoky Mountain Lumberjack Feud, LLC*, 880 F.3d 791, 799 (6th Cir. 2018); s*ee also Rasimas v. Mich. Dep't of Mental Health*, 714 F.2d 614, 626 (6th Cir.1983) ("[I]n the absence of exceptional circumstances, back pay should always be awarded when a Title VII violation is found."). "Pursuant to the 'make whole' purposes of such relief, the general rule is to award back pay through the date of judgment." *Suggs v. ServiceMaster Educ. Food Mgmt.*, 72 F.3d 1228, 1233 (6th Cir. 1996); *Shore v. Federal Express Corp.*, 777 F.2d 1155, 1159 (6th Cir. 1985) ("Victorious Title VII plaintiffs are presumptively entitled to back pay until the date judgment has been entered in the case."). "Once a plaintiff prove[s] entitlement to back pay by providing information from which [his] damages can be determined, ... [ ]he is presumed to be entitled to the amount claimed unless the defendant can prove otherwise." *Pittington*, 880 F.3d at 805 (6th Cir. 2018) (quoting *EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836, 841 (6th Cir. 1994)) (internal quotations omitted). "[A] jury award of back pay ought to stand unless the evidence indicates that the jury awarded damages in an amount substantially less than unquestionably proved by the plaintiff's uncontradicted and undisputed evidence. Thus, if the verdict is supported by some competent, credible evidence, a trial court will be deemed not to have abused its discretion in denying [a] motion for a new trial as to damages." *Id*. at 799 (citation and internal quotations omitted).

---

[2] Metro also claims the back pay award is consistent with Tennessee law on compensatory damages for breach of contract claims. However, back pay is an equitable remedy under Title VII. *See Szeinbach v. Ohio State Univ.*, 820 F.3d 814, 820 (6th Cir. 2016). Also, the jury charge did not include an instruction about state contract law.

4

At trial, Dr. McGruder proved by uncontroverted evidence her annual salary at Metro was $126,880 and that she has earned $347,392 since her termination. Metro has failed to cite to evidence in the trial record that would support a reduction in Dr. McGruder's back pay award. (*See* Doc. No. 91). Accordingly, the Court finds the jury's back pay award of $0 "could not have reasonably been reached" based on the evidence at trial, and that Dr. McGruder is entitled to a new trial. *See Pittington*, 880 F.3d at 805. While Dr. McGruder would prefer additur, the Seventh Amendment right to have a jury resolve factual issues in civil cases "precludes district courts from granting additur in the event of inadequate damages—i.e., conditioning the denial of a plaintiff's motion for a new trial on the defendant's willingness to pay additional damages." *Id*. at 806. The Court further finds that prejudgment interest is appropriate in the present case. *See id*. at 795 (prejudgment interest on back pay is nearly always appropriate when a plaintiff successfully proves that she was terminated in violation of Title VII); *Howe v. City of Akron*, 801 F.3d 718, 751 (6th Cir. 2015) ("it is ordinarily an abuse of discretion not to include prejudgment interest in a back-pay award because prejudgment interest is part and parcel of complete compensation").

### IV. CONCLUSION

For the foregoing reasons, Dr. McGruder's Motion to Alter/Amend Judgement, or in the Alternative, for a New Trial on the Issue of Damages and Petition for Prejudgment Interest (Doc. No. 81) and is **DENIED** as to altering or amending the judgement and is **GRANTED** as to prejudgment interest and the new trial on damages. The Court will set a new jury trial on the issue of back pay by separate order.

An appropriate Order shall enter.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE