IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EUNA McGRUDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:17-cv-01547 |
| ) | |
| METROPOLITAN GOVERNMENT OF ) | JUDGE CAMPBELL |
| NASHVILLE AND DAVIDSON ) | |
| COUNTY, TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the Court is Plaintiff Euna McGruder's ("Dr. McGruder") Motion for Award of Attorney's Fees. (Doc. No. 89). Defendant Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro") filed a response in opposition. (Doc. No. 97) Dr. McGruder filed a supplement to her attorney's fees application (Doc. No. 104). Metro filed a response in opposition to Dr. McGruder's supplement (Doc. No. 109). For the reasons discussed below, Dr. McGruder's Motion (Doc. No. 89) will be **GRANTED**.

### I. BACKGROUND

On December 11, 2017, Dr. McGruder sued Metro for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). The discrimination claim was dismissed on summary judgment. (*See* Doc. Nos. 37, 45). The court held a jury trial on Dr. McGruder's retaliation claim on November 30, 2021, through December 6, 2021. At the conclusion of the trial, the jury returned a verdict in favor of Dr. McGruder for retaliation under Title VII. (*See* Doc. No. 78). The jury awarded Dr. McGruder $260,000 in compensatory damages and $0 in back pay. (*Id.*). On December 9, 2021, the court entered a Judgement in conformity with the jury's verdict.

(*See* Doc. No. 79). On December 12, 2021, Dr. McGruder filed a Motion to Alter/Amend Judgment, or in the Alternative, for a New Trial on the Issue of Damages and Petition for Prejudgment Interest. (Doc. No. 81). On January 14, 2022, counsel for Dr. McGruder filed the pending motion for award of attorney's fees. (Doc. No. 89).

## II. ANALYSIS

Dr. McGruder requests $287,700.00 in attorney's fees, reflecting a rate of $500 per hour for 575.40 hours of work by her attorney, Brian Winfrey. (*See* Doc. Nos. 89, 104). "[T]he starting point for determining what attorneys' fees are reasonable is a 'lodestar' calculation—the product of the number of hours reasonably spent on the case by an attorney times a reasonable hourly rate." *Wallace v. Oakwood Healthcare, Inc.*, 954 F.3d 879, 899 (6th Cir. 2020) (citation and internal quotations omitted). "The district court ... should exclude from [the] initial fee calculation hours that were not 'reasonably expended.'" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The court must be guided by its discretion in making this determination because "[t]here is no precise rule or formula" for it to use. *Id*. at 436. "After determining the lodestar amount, the court may adjust the fee upward or downward 'to reflect relevant considerations peculiar to the subject litigation.'" *Hanson v. McBride*, 337 F.R.D. 139, 147 (M.D. Tenn. 2020) (quoting *Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)).

Here, Dr. McGruder achieved excellent results in light of the facts and circumstances of this case. Dr. McGruder prevailed on her Title VII retaliation claim and obtained a substantial compensatory damages award. Notably, Metro did not extend a settlement offer prior to trial that was above $5,000 as to Dr. McGruder and $5,000 as counsel expenses. (*See* Doc. No. 89-7 ¶ 18). Dr. McGruder requests the lodestar amount in the amount of $287,700.00. (*See* Doc. Nos. 89, 104).

This amount is arrived at by multiplying the number of hours expended by Dr. McGruder's attorney on this matter (575.40 hours) by his hourly rate ($500 per hour) for a total of $287,700.00.

Metro opposes a $500 per hour rate on the basis that Dr. McGruder does not cite to any prior fee awards at that rate. (*See* Doc. No. 97 at 2-3; Doc. No. 109 at 1). "Courts look to the 'prevailing market rate in the relevant community'—or 'that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record'—to determine a reasonable hourly billing rate." *Wallace v. Oakwood Healthcare, Inc.*, 954 F.3d 879, 899 (6th Cir. 2020) (quoting *Adcock-Ladd*, 227 F.3d at 350). While prior fee awards can provide some inferential evidence of what a market rate is, "[a]s a general proposition, rates awarded in other cases do not set the prevailing market rate." *B & G Min., Inc. v. Dir., Off. of Workers' Comp. Programs*, 522 F.3d 657, 664 (6th Cir. 2008). The court, based on its experience in this district and its familiarity with prevailing practices, as well as having considered and ruled on numerous other attorney's fees motions, agrees that $500 is within the realm of what is ordinary and reasonable for experienced litigation counsel in this district. Accordingly, the court will apply an hourly rate of $500 to calculate the lodestar amount.

The court also does not find the hours claimed to be unreasonable. "Shepherding a case from its beginning to a jury verdict is an extraordinarily labor-intensive process, even for a case as relatively simple as this one." *Hanson*, 337 F.R.D. at 148. The court has reviewed the time sheets provided by Dr. McGruder's counsel (Doc. Nos. 89-6, 104-1) and finds the amounts of time billed are reasonable. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection."). The court is unpersuaded by Defendant's attempts to shave "130 hours or so" off the total, such as hours expended on initial

disclosures, drafting responses to dispositive motions, reviewing and organizing document production, and trial preparation. (Doc. No. 97 at 3-9).

"Where the party seeking the attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 552 (6th Cir. 2008) (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986)). Courts in the Sixth Circuit may consider a variety of factors in determining the appropriateness of a departure from the lodestar amount, including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee;(6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Barnes v. City of Cincinnati*, 401 F.3d 729, 745–46 (6th Cir. 2005). "In the majority of cases, however, the lodestar amount already reflects these factors within the court's calculation of a reasonable hourly rate and hours billed." *Hanson*, 337 F.R.D. at 148 (citing *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 621 (6th Cir. 2007)). "'[M]odifications [to the lodestar] are proper only in certain 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts.'" *Adcock-Ladd*, 227 F.3d at 350 (quoting *Delaware Valley*, 478 U.S. at 565). The court will not depart downward from the lodestar amount in the present case. The court, therefore, will award attorney's fees based on a lodestar amount of $500 per hour for 575.40 hours for a total of $287,700.00.

4

## III. CONCLUSION

For the foregoing reasons, Dr. McGruder's Motion for Award of Attorney's Fees (Doc. No. 89) will be granted, and Metro will be ordered to pay Dr. McGruder's attorney's fees in the amount of $287,700.00.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE