## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **EUNA McGRUDER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:17-cv-01547** |
| | ) | |
| **METROPOLITAN GOVERNMENT OF** | ) | **JUDGE CAMPBELL** |
| **NASHVILLE AND DAVIDSON** | ) | |
| **COUNTY, TENNESSEE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

Pending before the Court are the parties' respective briefs concerning Plaintiff Euna McGruder's ("Dr. McGruder") request for reinstatement as an equitable remedy. (Doc. Nos. 82, 90). For the reasons discussed below, the Court **AWARDS** Dr. McGruder the remedy of reinstatement to her prior position or comparable central office position with Defendant Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro") within thirty (30) days from the date of entry of this Order.

## I.      BACKGROUND

On December 11, 2017, Dr. McGruder sued Metro for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). The discrimination claim was dismissed on summary judgment. (*See* Doc. Nos. 37, 45). The Court held a jury trial on Dr. McGruder's retaliation claim on November 30, 2021, through December 6, 2021. At the conclusion of the trial, the jury returned a verdict in favor of Dr. McGruder for retaliation under Title VII. (*See* Doc. No. 78). The jury awarded Dr. McGruder $260,000 in compensatory damages and $0 in back pay. (*Id.*). On December 9, 2021, the Court entered a Judgement in conformity with the jury's verdict.

(*See* Doc. No. 79). On July 18, 2022, the Court granted Dr. McGruder's motion for new trial as to backpay. (Doc. Nos. 111, 112).

## II. ANALYSIS

"The goal of Title VII is to 'make persons whole for injuries suffered on account of unlawful employment discrimination.'" *Suggs v. ServiceMaster Educ. Food Mgmt.*, 72 F.3d 1228, 1233 (6th Cir. 1996) (quoting *Albemarle Paper Co. v. Moody*, 422 U.S. 405 (1975)). "Plaintiffs who prove discrimination in violation of Title VII are entitled to reinstatement, unless exceptional circumstances make the chances for a satisfactory employment relationship unlikely." *Id*. (citing *Shore v. Federal Express Corp.*, 777 F.2d 1155, 1159 (6th Cir. 1985) ("Shore's resumption of the MBO Analyst position would displace the person who has held the position since April 1980. Additionally, the hostility which unfortunately exists between the parties precludes the possibility of a satisfactory employment relationship.")).

Dr. McGruder submits that reinstatement is appropriate in the present case because it is necessary to make her whole for the injuries she has suffered on account of her retaliatory termination from Metro in January 2016. Dr. McGruder notes that the uncontroverted evidence at trial confirmed that she was a high-level member of Metro's central office with an annual salary of $126,880.00, (Doc. No. 93 at PageID # 1452-53), until her retaliatory termination derailed her rising career trajectory of becoming a superintendent and left her unable to secure comparable subsequent employment. (*See id*. at PageID # 1457, 1468-69, 1472-75). Dr. McGruder further argues that reinstatement is appropriate because she is qualified and available for her prior position or any comparable central office position within the school system. (Doc. No. 82 at 3; *see also* Doc. No. 93 at PageID #1446-51). Metro does not argue otherwise with respect to the foregoing.

Dr. McGruder also argues reinstatement is appropriate because the position she formerly held is still a position in Metro, and there is no hostility caused by this litigation that makes reinstatement infeasible. (*See* Doc. No. 82 at 3-4). Dr. McGruder submits that any possible animosity as a product of this litigation does not exist because the actors responsible for her retaliatory termination, Katie Cour and Vanessa Garcia, are no longer employed by Metro. (*See* Doc. No. 96 at PageID # 2077-78). Metro's argument against reinstatement based on its proof at trial of Dr. McGruder's "unprofessional conduct" is not well taken. Nor is its argument that someone would need to be displaced. While Katie Cour testified at trial in December 2021 that another person was in Dr. McGruder's formerly held position, (*see id.*), the Court cannot assume such person continues to hold that position. Furthermore, Metro put on no proof as to its capacity or lack thereof for reinstatement in a comparable position within its central office. Accordingly, the evidence at trial does not support a finding that Dr. McGruder's reinstatement in the 2022-2023 school year would result in the displacement of a current employee.

### III.    CONCLUSION

For the foregoing reasons, the Court finds there are no exceptional circumstances in the present matter that make the chances for a satisfactory employment relationship unlikely. *See Suggs v. ServiceMaster Educ. Food Mgmt.*, 72 F.3d 1228, 1233 (6th Cir. 1996). As such, the Court **AWARDS** Dr. McGruder the remedy of reinstatement to her prior position or comparable central office position with Metro within thirty (30) days from the date of entry of this Order. Plaintiff's Motion to Ascertain Status (Doc. No. 110) is denied as **MOOT**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE