IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EUNA McGRUDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:17-cv-01547 |
| | ) |
| METROPOLITAN GOVERNMENT OF | ) JUDGE CAMPBELL |
| NASHVILLE AND DAVIDSON | ) |
| COUNTY, TENNESSEE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Pending before the Court is an Emergency Motion to Stay Injunctive Relief filed by Defendant Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro") pursuant to Federal Rule of Civil Procedure 62(c). (Doc. No. 118). Plaintiff Euna McGruder ("Dr. McGruder") filed a response in opposition (Doc. No. 121), and Metro filed a reply (Doc. No. 127). For the reasons discussed below, the Motion is **GRANTED**.

### I. BACKGROUND

On December 11, 2017, Dr. McGruder sued Metro for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). The discrimination claim was dismissed on summary judgment. (*See* Doc. Nos. 37, 45). The Court held a jury trial on Dr. McGruder's retaliation claim on November 30, 2021, through December 6, 2021. At the conclusion of the trial, the jury returned a verdict in favor of Dr. McGruder for retaliation under Title VII. (*See* Doc. No. 78). The jury awarded Dr. McGruder $260,000 in compensatory damages and $0 in back pay. (*Id.*). On December 9, 2021, the Court entered a Judgement in conformity with the jury's verdict. (*See* Doc. No. 79).

On July 18, 2022, the Court granted Dr. McGruder's motion for new trial as to backpay. (Doc. Nos. 111, 112). On August 18, 2022, the Court awarded Dr. McGruder the remedy of reinstatement. (Doc. No. 116). On August 25, 2022, Metro filed a notice of appeal regarding the Court's reinstatement Order (Doc. No. 117), and it filed a Motion to Stay, pursuant to Federal Rule of Civil Procedure 62(c) (Doc. No. 118). On August 30, 2022, Dr. McGruder filed a Supplemental Motion for Attorney Fees. (Doc. No. 122). On August 31, 2022, Metro filed a Motion to Revise Orders (Doc. Nos. 124, 126), requesting that the Court vacate the jury verdict and revise all post-verdict orders to reflect a dismissal of Dr. McGruder's claims with prejudice based on judicial estoppel, under Federal Rule of Civil Procedure 54(b).

## II. LAW AND ANALYSIS

The parties dispute whether Metro is entitled to a stay of execution of the Court's reinstatement Order (Doc. No. 116) pending its appeal of that Order. A four-factor inquiry governs whether imposition of a stay pending appeal is appropriate: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Kentucky v. Biden*, 23 F.4th 585, 593 (6th Cir. 2022) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *SawariMedia, LLC v. Whitmer*, 963 F.3d 595, 596 (6th Cir. 2020) (citation omitted). "The first two factors 'are the most critical.'" *Breeze Smoke, LLC v. United States Food & Drug Admin.*, 18 F.4th 499, 503 (6th Cir. 2021) (quoting *Nken*, 556 U.S. at 434).

The Court is not persuaded by Metro's claims of error in the Court's Order awarding Dr. McGruder reinstatement. "However, when considering this factor in the context of a request for a

stay, a court is not required to find a substantial likelihood that the movant will be successful on appeal. Rather, a movant can satisfy this element where substantial legal questions or matters of first impression are at issue and the equities favor maintaining the status quo." *Simon Prop. Grp., Inc. v. Taubman Centers, Inc.*, 262 F. Supp. 2d 794, 798 (E.D. Mich. 2003) (citing *Mich. Coal. of Radioactive Material Users v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)); *see Luxshare, Ltd. v. ZF Auto. US, Inc.*, 15 F.4th 780, 783 (6th Cir. 2021) ("while the party seeking a stay need not always establish a high probability of success on the merits, the party is still required to show, at a minimum, serious questions going to the merits.") (quoting *Mich. Coal.*, 945 F.2d at 153-54) (internal quotations omitted). Here, the Court finds Metro has raised a serious legal question regarding the applicability of judicial estoppel to Dr. McGruder's reinstatement award. (*See* Doc. No. 127 at 4 ("The most important reason to stay this Court's order of reinstatement is because this matter should be dismissed with prejudice altogether … [pursuant to] [t]he doctrine of judicial estoppel[.]"); *see Audio Technica U.S., Inc. v. United States*, 963 F.3d 569, 574 (6th Cir. 2020) (applicability of judicial estoppel is a question of law); *Bonkowski v. Allstate Ins. Co.*, 544 F. App'x 597, 601 (6th Cir. 2013) ("availability of judicial estoppel is a question of law."). Therefore, the Court finds this element weighs heavily in favor of granting a stay.

The other factors do not tip the scales in Dr. McGruder's favor. The reinstatement of Dr. McGruder will likely cause irreparable harm to Metro by disrupting the organization of its central office. While a stay pending appeal will subject Dr. McGruder to economic loss, monetary harm is not irreparable. *See State of Ohio ex rel. Celebrezze v. Nuclear Regul. Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987) ("economic loss does not constitute irreparable harm, in and of itself"). The Court finds the public interest factor is neutral, given the public interest in both vindicating the rights of successful Title VII plaintiffs and preserving the integrity of the courts. The requirement

of security under Federal Rule of Civil Procedure 65(c) is waived due to Metro's stated ability to pay any judgment. (*See* Doc. No. 119 at 7).

For the foregoing reasons, Metro's motion to stay execution of the Court's reinstatement Order pending its appeal (Doc. No. 118) is **GRANTED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE