IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EUNA McGRUDER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>METROPOLITAN GOVERNMENT OF )<br>NASHVILLE AND DAVIDSON COUNTY, )<br>TENNESSEE, )<br>)<br>Defendant. ) | NO. 3:17-cv-01547<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE HOLMES |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's motion, filed under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), seeking dismissal of the present matter for lack of subject matter jurisdiction. (Doc. No. 138).[1] For the reasons discussed below, Defendant's motion is **DENIED** as to its challenge of this Court's subject matter jurisdiction. Accordingly, Defendant's motion to stay Plaintiff's reinstatement (Doc. No. 141) "until the Court assures itself of Dr. McGruder's standing and this Court's jurisdiction" is also **DENIED**.

### I. STANDARD OF REVIEW

Rule 12(b)(1) "provides for the dismissal of an action for lack of subject-matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter

---

[1] In the alternative, Defendant moves under Federal Rule of Civil Procedure 54(b) for dismissal on judicial estoppel grounds. The Court will address the question of judicial estoppel by separate order.

jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). Because Metro argues that factual developments after the filing of the complaint deprive this Court of subject matter jurisdiction, its motion presents a factual challenge. *See id*. ("A factual attack challenges the factual existence of subject matter jurisdiction."). "When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007).

## II. LAW AND ANALYSIS

Plaintiff filed the complaint in this matter on December 11, 2017, and filed for Chapter 7 bankruptcy on June 28, 2018. (*See* Doc. Nos. 1, 138-1). Through its pending motion, Defendant claims this Court lost subject matter jurisdiction when Plaintiff filed for bankruptcy because Plaintiff "no longer had Article III standing to maintain this cause of action" after she "filed for Chapter 7 bankruptcy on June 28, 2018." (Doc. No. 139 at 5 (citing *Bauer v. Com. Union Bank, Clarksville, Tennessee*, 859 F.2d 438, 441 (6th Cir. 1988); *Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012)); *see also id*. at 1 ("when Dr. McGruder filed her Chapter 7 petition, she was completely divested of Article III standing to pursue this matter. As a result, this Court lacks subject-matter jurisdiction and this case must be dismissed.").

Defendant's argument that Plaintiff lost Article III standing when she filed for bankruptcy fails under the "longstanding rule that jurisdiction is to be assessed under the facts existing when the complaint is filed." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 n.4 (1992); *see Fox v. Saginaw Cnty., Michigan*, 67 F.4th 284, 294–95 (6th Cir. 2023) ("a court's jurisdiction has long turned on the facts as they are when a plaintiff sues, not on later-in-time facts.") (citing *Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567, 570–71 (2004); *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)).

*Bauer* and *Auday* do not counsel otherwise because the plaintiffs in those cases filed for bankruptcy *before* filing suit against the respective defendants. *See Bauer*, 859 F.2d at 439 (plaintiffs filed for bankruptcy in February 1985 and sued defendant for outrageous conduct in October 1985); *Auday*, 698 F.3d at 903 (plaintiff filed for bankruptcy in 2009 and sued defendant for age discrimination in 2010). As the Sixth Circuit explained:

> The Bankruptcy Code itself provides that the bankruptcy estate comprises "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 541(a)(1), and it is well established that the "interests of the debtor in property" include "causes of action." *Gochenour v. Cleveland Terminals Building Co.*, 118 F.2d 89, 93 (6th Cir. 1941); *In re Ozark Restaurant Equipment Co.*, 816 F.2d 1222, 1225 (8th Cir. 1987), *cert. denied*, 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987).
>
> It is equally clear that the trustee in bankruptcy acts as representative of the estate. It is the trustee who "has capacity to sue and be sued." 11 U.S.C. § 323(b). *See also* Bankr.P.R. 6009. "It is well settled that the right to pursue causes of action formerly belonging to the debtor—a form of property 'under the Bankruptcy Code'—vests in the trustee for the benefit of the estate." *Jefferson v. Mississippi Gulf Coast YMCA*, 73 B.R. 179, 181–82 (S.D. Miss. 1986). The debtor has no standing to pursue such causes of action. *Matter of Tvorik*, 83 B.R. 450, 456 (Bankr. W.D. Mich. 1988).

*Bauer*, 859 F.2d at 440–41. Thus, the *Bauer* and *Auday* plaintiffs did not have standing because their respective causes of action were already the property of their bankruptcy estates when they filed their respective complaints. Because Plaintiff had standing when she filed her complaint in 2017, Defendant's motion is **DENIED** as to its subject-matter jurisdiction challenge.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE