IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EUNA McGRUDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:17-cv-01547 |
| | ) | |
| METROPOLITAN GOVERNMENT OF | ) | JUDGE CAMPBELL |
| NASHVILLE AND DAVIDSON COUNTY, | ) | MAGISTRATE JUDGE HOLMES |
| TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court is the motion for authority to intervene (Doc. No. 153) filed by Neil Gorman, Trustee, as the proposed intervening party. The motion is fully briefed and ripe for resolution. (*See* Doc. Nos. 155, 156). For the reasons set forth more fully below, the motion (Doc. No. 153) will be **GRANTED,** and the Trustee will be substituted as the real party in interest.

### I. LAW AND ANALYSIS

**A. Intervention**

Rule 24 of the Federal Rules of Civil Procedure provides that intervention may be either of right or permissive. Here, the Trustee moves to intervene under Rule 24(a), which provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

Rule 24(b) governs permissive intervention, stating "the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b) (1). Thus, the court must grant an intervention if the requirements of Rule 24(a) are met, but it is in the court's discretion whether to grant a permissive intervention under Rule 24(b).

There are four requirements for intervention of right:

> (1) the application for intervention must be timely; (2) the applicant must have a substantial, legal interest in the subject matter of the pending litigation; (3) the applicant's ability to protect that interest must be impaired; and (4) the present parties do not adequately represent the applicant's interest.

*Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989). If the proposed intervenor fails to meet any of the requirements, then intervention of right is not applicable. *Id*. Here, Defendant opposes intervention under Rule 24 based solely on timeliness. (*See* Doc. No. 155 at PageID # 2749-51). Courts consider timeliness through five sub-factors:

> (1) the point to which the suit has progressed; (2) the purpose for which the intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances mitigating against or in favor of intervention.

*Jordan v. Mich. Conference of Teamsters Welfare Fund*, 207 F.3d 854, 862 (6th Cir. 2000).

First, the Trustee's motion is timely. The case has not progressed to a point at which final judgment has been entered. *See Jordan v. Mich. Conference of Teamsters Welfare Fund*, 207 F.3d 854, 862 (6th Cir. 2000) ("We find that the IBT's failure to intervene before final judgment was entered renders the motion untimely."). Further, the Trustee did not learn of this action until after Defendant filed its interlocutory appeal in August 2022. The mandate from that appeal did not

issue until June 13, 2024, (Doc. No. 140), and the Trustee filed the motion to intervene less than a month later, on July 8, 2024. (Doc. No. 153). Defendant claims it will be prejudiced if the Trustee is permitted to intervene because "the procedural posture of this case would necessarily revert to June 28, 2018 – when the matter was still in the early stages of discovery." (Doc. No. 155 at PageID # 2751 ("Rebooting the entire matter at this late stage would prejudice all parties.")). However, contrary to Defendant's foregoing contention, intervention by the Trustee will not turn back the clock or otherwise "reboot" discovery, dispositive motions, or any other case management deadlines. This is, in part, because the Trustee contemporaneously seeks to be substituted as the plaintiff in this matter. (*See* Doc. No. 153 at PageID # 2745). And "[a]fter … substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). Accordingly, there is no prejudice to the original parties in the present matter due to the timing of the Trustee's application for intervention. Finally, Plaintiff's omission of this cause of action in her original bankruptcy petition does not constitute unusual circumstances mitigating against intervention in the present case because there is no alleged wrongdoing by the Trustee. *See Stephenson v. Malloy*, 700 F.3d 265, 271-72 (6th Cir. 2012) (absent some wrongdoing by bankruptcy trustee, judicial estoppel does not apply to bar bankruptcy trustee from pursing debtor's claims due to debtor's omission of action from bankruptcy filing). Thus, the application for intervention is timely.

Second, the Trustee has a substantial, legal interest in the subject matter of the pending litigation, as the litigation itself is property of the bankruptcy estate. *See* 11 U.S.C. § 541(a). The Trustee's "paramount duty is to conserve and advance the interests of the estate entrusted to him." *Meyer Goldberg, Inc. of Lorain v. Goldberg*, 717 F.2d 290, 293 (6th Cir. 1983). Regarding the third and fourth requirements for intervention as a matter of right, the Trustee's interest in

protecting the property of the estate can only be furthered if the Trustee is made a participant in the suit, as the property at issue includes the monetary recovery in the action itself. Plaintiff likely has different interests than the Trustee, and no argument has been presented to suggest Plaintiff could adequately represent the Trustee's interests in this matter. Thus, all four of the requirements for intervention as of right are met.

**B. Substitution**

Rule 25(c) provides that, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). "After … substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). Here, there is no dispute that Plaintiff's interest in her claims for monetary relief transferred to the Trustee, as the representative of the bankruptcy estate. *See Bauer v. Com. Union Bank, Clarksville, Tennessee*, 859 F.2d 438, 441 (6th Cir. 1988).

Defendant opposes substitution by the Trustee, arguing Plaintiff's case should be dismissed for lack of Article III standing and/or on judicial estoppel grounds. (*See* Doc. No. 155 at PageID # 2751-54). Defendant filed a motion to dismiss on the same grounds (Doc. No. 138), and the Court rejected Defendant's challenge to Plaintiff's standing. (Doc. No. 158). The Court is not persuaded that dismissal is appropriate on judicial estoppel grounds given the Sixth Circuit's guidance that a debtor's errors or omissions should not be attributed to the trustee for purposes of judicial estoppel. *See Stephenson v. Malloy*, 700 F.3d 265, 271-72 (6th Cir. 2012) ("[debtor]'s failure to disclose his claims does not bar the trustee from pursuing them."). Moreover, the Sixth Circuit has instructed that district courts "should first consider ratification or substitution by the trustee prior to dismissing plaintiffs' case." *See Knight v. New Farmers Nat. Bank*, 946 F.2d 895 (6th Cir. 1991).

4

Accordingly, the Court finds the Trustee should be substituted as the real party in interest with respect to the claims for monetary relief. And because judicial estoppel does not apply to the Trustee in the present matter, (*see Stephenson*, 700 F.3d at 271-72), Defendant's motion to dismiss on judicial estoppel grounds (Doc. No. 138), will be denied.

    An appropriate Order shall enter.

                                                    WILLIAM L. CAMPBELL, JR.
                                                    CHIEF UNITED STATES DISTRICT JUDGE